**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**SAMUEL W. ADAMS**                                                                             **PLAINTIFF**

**V.**                                       **CASE NO. 3:12CV53**

**VERIZON WIRELESS TENNESSEE
PARTNERSHIP, et al**                                                      **DEFENDANTS**

**ORDER**

This court presently has before it a motion to dismiss filed by several defendants who contend that they were improperly named as parties to this lawsuit. The court also has before it a motion for judgment on the pleadings filed by all the defendants herein. Plaintiff Samuel W. Adams has not responded to either of these motions, nor has he sought additional time to do so. The court, having considered the relevant briefs and exhibits, is prepared to rule.

In this personal injury lawsuit, plaintiff claims that the flashing strobe light used on a wireless communications tower located at 44 County Road 309 in Calhoun City, Mississippi (the "Tower") has caused him debilitating migraine headaches, among other injuries. Plaintiff originally filed suit seeking recovery for these injuries in the Circuit Court of Calhoun County, and the case was removed to this court on the basis of diversity and federal question jurisdiction.

In his complaint, plaintiff named as defendants several business entities who assert, with no rebuttal from plaintiff, that they neither own nor control the communications tower in question. In their motion to dismiss, defendants Rural Cellular Corporation, Verizon Business Network Services, Inc., Verizon Network Integration Corp., Verizon Services Operations Inc., Alltel Communications Wireless of Louisiana, Inc. d/b/a Verizon Wireless, Alltel Communications Wireless, Inc. d/b/a Verizon Wireless, Verizon Wireless Personal Communications LP, and Verizon Wireless Network

Procurement LP assert as follows:

> None of the Moving Defendants are properly named in this action. Instead, [Verizon Wireless Tennessee Partnership], recently named in the Amended Complaint [Docket No. 34] as a necessary party in this action, operates the wireless communications tower at issue in this case and leases the land on which the tower stands. None of the Moving Defendants owns, operates, controls, or has any responsibility for the tower lighting at issue. These indisputable facts directly lead to three independent reasons why summary judgment should be granted to the Moving Defendants.

The moving defendants thus argue that the sole proper defendant in this case is Verizon Wireless Tennessee Partnership, and plaintiff has given the court no reason to doubt this assertion.

The court therefore concludes that the motions for summary judgment filed by defendants Rural Cellular Corporation, Verizon Business Network Services, Inc., Verizon Network Integration Corp., Verizon Services Operations Inc., Alltel Communications Wireless of Louisiana, Inc. d/b/a Verizon Wireless, Alltel Communications Wireless, Inc. d/b/a Verizon Wireless, Verizon Wireless Personal Communications LP, and Verizon Wireless Network Procurement LP are due to be granted.

In light of this ruling, Verizon Wireless Tennessee Partnership (hereinafter "VZW Tennessee") is the sole remaining defendant in this action.

As the sole remaining defendant, VZW Tennessee is the sole remaining signatory to a motion for judgment on the pleadings which has been filed twice in this lawsuit, both times without response from plaintiff. Defendants first filed this motion on July 25, 2012, and, following the filing of an amended complaint by plaintiff, a renewed (and substantially identical) motion for judgment on the pleadings was filed. In its motion, defendant argues persuasively that this action is preempted by federal law and otherwise fails to state a claim, writing that:

> It is ... clear from the face of the pleadings that Plaintiff has not stated a valid claim, for two separate and independent reasons. First, any state-law claim that Plaintiff

could have pled is preempted by federal law. It is well settled that the federal government occupies the field of aviation safety, and that this field of federal concern includes the marking and/or lighting of ground-based hazards to air navigation. The preemption is particularly apparent in a case such as this, because towers used for radio communication are subject to an additional level of federal authority in the form of the Federal Communications Act and the regulations of the Federal Communications Commission ("FCC") implementing that Act. Second, even assuming that Plaintiff could maintain an action under Mississippi law for an alleged *violation* of federal law, the Amended Complaint fails to state any such claim. Plaintiff pleads no facts showing that the Defendants failed to abide by any federal law, regulation, or standard. Indeed, publicly available federal records, of which this Court may take judicial notice, demonstrate beyond any doubt that Defendants have fully complied with the relevant federal laws.

More specifically, defendant argues as follows:

Where a federal agency has made a determination that a particular practice is "safe," any state law determination that the practice is nevertheless "unsafe" and impermissible directly conflicts with federal law. *See, e.g.*, *Farina v. Nokia, Inc.*, 625 F.3d 97, 123-24 (3d Cir. 2010) (citing *Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001). The FAA in this case has determined that the lighting regime currently being used on the tower, which incorporates flashing white lights, permitted it to make a "Determination of No Hazard to Air Navigation"—*i.e.*, that it "would not have a substantial aeronautical impact to air navigation." 14 C.F.R. § 77.31(d). Plaintiff's state law claim, by contrast, appears to ask this Court to read Mississippi state law as prohibiting the use of "flashing white strobe lights" because they are unreasonably dangerous. A state-law determination that a federally-approved lighting scheme is unreasonably dangerous and therefore impermissible clearly and inevitably conflicts with federal law, making the state law determination preempted.

The court finds this and other arguments set forth in defendant's brief to be persuasive.

The court notes that plaintiff has long been aware of defendant's contention that the white flashing strobe light on the communications tower is consistent with federal regulations. In a letter to plaintiff dated April 30, 2009, defendant's counsel James Benson wrote that:

Verizon Wireless acquired the cell tower in question as part of its acquisition of Rural Cellular Corporation. It is my understanding that Federal Aviation Administration regulations require that the tower have certain lighting and markings so it is visible to aircraft flying in the area. In order for the towers to be in compliance with the current regulations, it must have a flashing white strobe during

3

    the daylight hours and flashing red light during the nighttime hours. Without the daylight flashing white strobe, the tower would be non-complaint and would post a danger to aircraft flying in the vicinity of the tower.

It seems clear to this court that, in light of plaintiff's awareness of defendant's position in this regard, he should have been prepared to rebut it, in electing to prosecute this lawsuit.

    The court further notes that, while plaintiff initially proceeded in this case on a *pro se* basis (albeit with informal assistance of counsel), his counsel made a formal appearance and filed an amended complaint on October 23, 2012.[1] In the amended complaint, counsel did add VZW Tennessee as a defendant (thus indicating awareness of the defendants' objections in that regard), but she otherwise made no amendment or assertions responsive to the arguments set forth in the motion for judgment on the pleadings. In the weeks since counsel's appearance, the docket reflects no responses to the motion, nor does it reflect any requests for additional time to do so. While the court is cognizant of the fact that it should not grant a dispositive motion simply because it is unopposed, it has, as stated previously, reviewed defendant's motion for judgment on the pleadings and finds it persuasive.

    It is therefore ordered that the motions for summary judgment [23-1, 38-1] and motions for judgment on the pleadings [15-1, 36-1] in the above-entitled action are granted.

    A separate judgment will be entered, pursuant to Fed. R. Civ. P. 58.

    This is the 17th day of December, 2012.

---

[1] A letter from plaintiff to the court indicated that counsel had already been retained as of September 20, 2012.

                    <u>/s/ Michael P. Mills             </u>
                    CHIEF JUDGE
                    U.S. DISTRICT COURT
                    NORTHERN DISTRICT OF MISSISSIPPI